FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 06 2019

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DIVISION IV

| | |
|---|---|
| Willie McIntosh, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>Union Pacific Railroad Co.,<br><br>Defendant. | Case No.: 4:19-cv-391-KGB-JTR<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

## INTRODUCTION

1. Defendant Union Pacific Railroad Co. has engaged in a pattern and practice of discriminating against employees who suffer from disabilities and/or take leave for medical reasons, in violation of the Americans with Disabilities Acts, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"). This includes against Plaintiff Willie McIntosh, who Union Pacific terminated for supposedly abusing FMLA even though his doctor told it that the manner in which McIntosh used his FMLA leave was consistent with the reason for which he had been approved.

## PARTIES

2. McIntosh resides this division.

3. Union Pacific is a railroad carrier that is engaged in interstate and foreign commerce.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over McIntosh's ADA and FMLA claims under 28 U.S.C. § 1331.

This case assigned to District Judge Baker
and to Magistrate Judge Ray

1

5. Venue is proper under 28 U.S.C. § 1391 because McIntosh resides this division, Union Pacific operates in this division, and the illegal conduct occurred in this division.

## FACTUAL ALLEGATIONS

6. McIntosh suffers from hypertension.

7. Hypertension can cause aneurisms, blindness, difficulty sleeping, erectile dysfunction, heart attacks, and strokes.

8. McIntosh's hypertension occasionally causes him to be unable to safely perform his job's essential functions.

9. McIntosh therefore requested intermittent-FMLA leave.

10. Union Pacific approved McIntosh's request for intermittent-FMLA leave.

11. Late in the evening of March 16, 2018, McIntosh's hypertension flared up.

12. McIntosh therefore took the medication he had recently been prescribed.

13. The new medication's side effects caused McIntosh to be unable to safely perform his job's essential functions.

14. McIntosh therefore marked off from call on intermittent-FMLA leave.

15. On the afternoon of the next day, McIntosh mowed a friend's yard.

16. Union Pacific learned that McIntosh had mowed the yard, accused him of having been dishonest about his FMLA use, and terminated him.

17. Union Pacific terminated McIntosh despite having received a letter from McIntosh's doctor that said the following:

> Mr. Willie McIntosh is unable to operate any moving vehicle for more than 2 hours at a time due to dizziness and other unknown side effects from his new medication. It is unsafe for both the patient and others. He is, however, capable of doing household chores in short durations. These chores include, but are not limited to, cleaning, mowing the yard, cooking, and vacuuming.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF 42 U.S.C. § 12101, *et seq.*

18. Union Pacific was McIntosh's "employer" within the meaning of the ADA.

19. McIntosh is disabled within the meaning of the ADA.

20. McIntosh is a qualified individual within the meaning of the ADA.

21. Section 12112(a) of the ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

22. Union Pacific discriminated against McIntosh on the basis of disability when it terminated him for supposedly abusing his intermittent-FMLA leave.

23. Because Union Pacific violated 42 U.S.C. § 12112, McIntosh has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount in an amount to be determined by the trier of fact. McIntosh is also entitled to attorneys' fees and costs incurred in connection with these claims.

24. Union Pacific committed the above-alleged facts with reckless disregard or deliberate disregard for McIntosh's rights and safety. As a result, McIntosh is entitled to punitive damages.

### COUNT II
### VIOLATIONS OF 29 U.S.C. § 2601, *et seq.*

25. Section 2612(a)(1) of the FMLA entitles employees to up to twelve weeks of leave during any twelve-month period for certain reasons, including the employee's serious health condition.

26. Section 2615(a)(2) of the FMLA makes it is unlawful for "any employer to

discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the Act]."

27. Union Pacific interfered with, restrained, denied the exercise of the protected rights of, and discriminated against McIntosh's rights under the FMLA when, among other things, it terminated her for taking FMLA leave.

28. Because Union Pacific violated the FMLA, McIntosh is entitled to compensatory damages for loss of income, including back pay, lost benefits, consequential damages, and front pay, as well as liquidated damages, garden-variety emotional distress damages, declaratory and injunctive relief, reinstatement, and other damages. McIntosh is also entitled to attorneys' fees, costs, and interest incurred in connection with these claims.

29. Union Pacific committed the above-alleged acts with reckless or deliberate disregard for the rights and safety of McIntosh. As a result, he is entitled to punitive damages.

## REQUEST FOR RELIEF

30. McIntosh requests that the Court find Union Pacific acted in direct violation of the ADA and/or FMLA.

31. McIntosh further requests that the Court order Union Pacific to:

- reinstate her;

- pay to her an award for compensatory damages arising from loss of income and benefits in an amount to be determined by the trier of fact;

- pay to her an award for garden-variety emotional distress in an amount in excess of $75,000.00;

- pay to her an award for costs (including litigation and expert costs), disbursements, and attorneys' fees;

- pay to her an award for $300,000 for punitive damages for each violation of the ADA; and

4

- pay to her an award for liquidated damages in an amount equal to her wage and benefit loss.

32. McIntosh further requests that the Court order judgment against Union Pacific for all other relief available under the ADA and/or FMLA, and for such other relief as the Court deems just and equitable.

Dated: May 31, 2019

**THE MOODY LAW FIRM**

s/ *Nicholas D. Thompson*
Nicholas D. Thompson
    nthompson@moodyrrlaw.com
500 Crawford Street, Suite 200
Portsmouth, VA 23704
(757) 673-9161 Work
(757) 477-0991 Cell
(757) 397-7257 Fax

**ATTORNEYS FOR PLAINTIFF**